UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.   ) <br> ) <br> DAVID WORSTER; and ) <br> ALEXZANDRIA CARL, ) <br>   Defendants. ) <br> ) | C.A. No. 21-cr-111-JJM-PAS |

ORDER

The Court previously dismissed all three charges against Alexzandria Carl because the government failed to meet its burden under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). (ECF No. 99.) The government now moves for reconsideration of the Court's order dismissing Counts VI and VII, related to false statements that Ms. Carl allegedly made while purchasing a firearm. (ECF No. 101.)

The First Circuit has made clear that motions to reconsider "are not to be used as a vehicle for a party to undo its own procedural failures [or to] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (cleaned up). Instead, they "are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Id.* The government argues

that the Court's previous decision related to Counts VI and VII falls into the third category. (ECF No. 101-1 at 3–4.)

But "a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (cleaned up). That is what the government wants here. In its response to Ms. Carl's original motion, it devoted only about three-fourths of a single page to Counts VI and VII. (ECF No. 96 at 11.) Other than relying on the strength of its § 922(g)(3) argument, all the government did was note that "free-standing *Bruen* challenges" to the false statement statutes "have failed." (ECF No. 96 at 11.) It did not provide a single reason; it just attached two lists of related cases. (ECF No. 96-2; No. 96-3.)

That is why the Court takes issue with the government's characterization of its first brief as a "discussion" of the "decisions cited in its original opposition memorandum." (ECF No. 101-1 at 4 n.5.) *Black's Law Dictionary* defines "discussion" as "the act of exchanging views on something; a debate." Discussion, *Black's Law Dictionary* (12th ed. 2024). Attaching lists of cases and saying that those cases are "incorporated therein" hardly qualifies. (ECF No. 96 at 11.) That is especially true when those cases come in postures of varying relevance to this one.[1]

---

[1] Consider the first two cases cited in Exhibit 96-2, listing cases discussing § 922(a)(6). *See United States v. DeBorba*, 713 F. Supp. 3d 1042, 1067 (W.D. Wash. 2024) (assessing a § 922(a)(6) challenge as it relates to immigration laws); *United States v. Edwards*, 5:23-cr-200-MHH-HNJ, 2023 WL 8113789, at *3 (N.D. Ala. Nov. 22, 2023) (explaining that, because a constitutional challenge to § 922(g)(1) failed due to binding Eleventh Circuit precedent, the related challenge to § 922(a)(6) also failed because "the second flows from the first").

2

As the First Circuit has explained, "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." *Rodriguez v. Mun. of San Juan*, 659 F.3d 168 (1st Cir. 2011) (cleaned up). The government is not exempt.

To excuse itself, it mainly argues that Ms. Carl "never challenged" the constitutionality of the false statement statutes under the Second Amendment. (ECF No. 101-1 at 2.) That is demonstrably false. *See, e.g.*, ECF No. 91 at 1–2 ("It is [Ms. Carl's] position that the Government's action against her is in derogation of her Second Amendment right to bear arms, and that the three counts against her should be dismissed."); *id.* at 5 ("If Ms. Carl were to have answered the drug use question 'yes', she likely would have been deprived of her right to purchase a gun, erasing a right which had been granted to her by the Constitution.") The arguments were brief but logical and complete, and she twice made clear that her challenges to the false statement statutes, while connected to her challenges to § 922(g)(3), were also constitutional. All that is to say that the government was on notice that constitutional questions loomed over Counts VI and VII, too. Against this backdrop, it is particularly puzzling that the government had the wherewithal to mention *Bruen* but not to develop any arguments it now brings.

To summarize: Ms. Carl brought a constitutional challenge to the false statement statutes. The government failed to argue that the Second Amendment does not apply to those charges and, alternatively, that the false statement statutes satisfy *Bruen*. The Court agreed with Ms. Carl, dismissing all charges against her

3


based on *Bruen*. Now unsatisfied with the result, the government comes bearing a twelve-page motion and a ten-page reply with fresh, fleshed-out arguments responding to the Court's decision. These new arguments may have merit, but the Court will not give the government a second bite at the apple when its first did not even break the skin. That is all the more true because the Court's prior order removed any threat of the loss of Ms. Carl's liberty. Doubling back, re-reviewing the case, and reimposing charges based on arguments that the government did not make the first time would produce a far greater error of law—and of justice—than any that the government now wants to correct. *Allen*, 573 F.3d at 52.

The government's Motion to Reconsider (ECF No. 101) is DENIED.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

Date: March 24, 2025